[Civ. No. 14439.   First Dist., Div. Two.   Nov. 30, 1950.]

OPAL G. CLIFFORD, Respondent, v. EDITH ROLLS et al., Appellants.

Boyd & Burton and M. K. Taylor for Appellants.

Leslie C. Gillen and John R. Golden for Respondent.

NOURSE, P. J.—The case is one for damages for personal injuries. The defendants had a verdict. ▆▆ The trial court granted plaintiff a new trial without specifying the grounds. Hence on this appeal from that order it must be "conclusively presumed" that the order was not based on insufficiency of the evidence. (Code Civ. Proc., § 657.)

■ In support of the order for a new trial respondent lists two instructions which are claimed to be erroneous. The instruction relating to sudden peril was free from objection. The appellant offered evidence showing that as she was driving northerly with the green light respondent suddenly stepped from the safety station into the path of her car disregarding the red signal light. Though this was disputed by respondent, if the jury believed that evidence, it could have found that appellant was confronted with sudden peril.

■ The instruction relating to the issue of contributory negligence is not open to objection. It was appellants' theory that respondent wilfully left a place of safety and knowingly ran in front of the vehicle which she had seen approaching while she stood on the safety station. It is of no import that respondent testified that she thought she had ample time to cross in front of the approaching vehicle. Appellants tendered the issue that she was contributorily negligent, and on that issue they were entitled to have the jury instructed. In fact respondent's complaint is not that the instruction was improper, but that the evidence does not *prove* the defense.

Order reversed with instructions to enter judgment on the verdict.

Dooling, J., concurred.